# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: October 27, 2016)
No. 12-729V
UNPUBLISHED

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KEVIN MANCILLA LOPEZ, | * | Decision on Joint Stipulation; |
| | * | Acute Disseminated |
| | * | Encephalomyelitis ("ADEM"); |
| Petitioner, | * | Guillain-Barre Syndrome |
| | * | ("GBS"); Hepatitis B; |
| v. | * | Tetanus-diphtheria-acellular |
| | * | Pertussis ("TDaP"); |
| SECRETARY OF HEALTH | * | Inactivated polio ("IPV"); |
| AND HUMAN SERVICES, | * | Measles-mumps-rubella |
| | * | ("MMR"); Hepatitis A; |
| Respondent. | * | Human papilloma virus |
| | * | ("HPV") |
| * * * * * * * * * * * * | | |

*Mark L. Krueger*, Krueger & Hernandez, Baraboo, WI, for petitioner.
*Julia W. McInerny*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On October 26, 2012, Kevin Mancilla Lopez ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") and/or Acute Disseminated Encephalomyelitis

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

("ADEM") as a result of receiving a tetanus-diphtheria-acellular pertussis ("TDaP"), hepatitis B, inactivated polio ("IPV"), measles-mumps-rubella (MMR), hepatitis A, and human papilloma virus ("HPV") vaccines on January 7, 2011. *See* Stipulation, filed October 27, 2016, at ¶¶ 1-4 [ECF No. 59]. Respondent denies that any of the above immunizations caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On October 27, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

**(1) A lump sum of $1,230,510.37, representing compensation for first year life care expenses ($172,844.07), lost earnings ($728,776.59), pain and suffering ($245,00.00), and past unreimbursable expenses ($83,889.71), in the form of a check payable to petitioner, Kevin Mancilla Lopez;**

**(2) A lump sum of $20,712.20, representing reimbursement of a lien for vaccine-related services rendered on behalf of petitioner, in the form of check payable jointly to petitioner and**

> **California Department of Health Care Services**
> **Recovery Branch – MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**
> **Attn: Class Action Unit**
> **DHCS Account No.: C94758194F-VAC03**

**(3) An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                     **s/ Mindy Michaels Roth**
                         Mindy Michaels Roth
                         Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEVIN MANCILLA LOPEZ, | ) |
| | ) No. 12-729V |
| Petitioner, | ) ECF |
| v. | ) Special Master Roth |
| | ) |
| SECRETARY OF HEALTH | ) |
| AND HUMAN SERVICES | ) |
| | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Kevin Mancilla Lopez, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Tetanus-diphtheria-acellular pertussis (Tdap), hepatitis B (hep. B), inactivated polio (IPV), measles-mumps-rubella (MMR), hepatitis A (hep. A), and human papillomavirus (HPV) vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his Tdap, hep. B, IPV, MMR, hep. A, and HPV immunizations on January 7, 2011.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") and/or acute disseminating encephalomyelitis ("ADEM") as a result of receiving the Tdap, hep. B, IPV, MMR, hep. A, and HPV vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Tdap, hep. B, IPV, MMR, hep. A, and HPV vaccines caused petitioner to suffer from GBS or ADEM or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,230,510.37, which amount represents compensation for first year life care expenses ($172,844.07), lost earnings ($728,776.59), pain and suffering ($245,000.00), and past unreimbursable expenses ($83,889.71), in the form of a check payable to petitioner;
>
> b. A lump sum of $20,712.20, which amount represents reimbursement of a lien for vaccine-related services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and
>
> > California Department of Health Care Services
> > Recovery Branch - MS 4720
> > P.O. Box 997421
> > Sacramento, CA 95899-7421
> > Attn: Class Action Unit
> > DHCS Account No.: C94758194F-VAC03
>
> Petitioner agrees to endorse this payment to the California Department of Health Care Services.
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract(s) from the Life Insurance Company for the benefit of petitioner, Kevin Mancilla Lopez, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable ACA Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,810.92 to be paid up to the anniversary of the date of judgment in year 2019. Then, beginning on the anniversary of the date of judgment in year 2019, an annual amount of $4,830.24 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $5,575.92 to be paid up to the anniversary of the date of judgment in year 2029. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $5,917.44 to be paid up to the anniversary of the date of judgment in year 2034. Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $6,263.88 to be paid up to the anniversary of the date of judgment in year 2039. Then, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $7,216.44 to be paid up to the anniversary of the date of judgment in year 2044. Then, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $8,972.40 to be paid up to the anniversary of the date of judgment in year 2049. Then, beginning on the anniversary of the date of judgment in year 2049, an annual amount of $11,223.96 to be paid up to the anniversary of the date of judgment in year 2054. Then, beginning on the anniversary of the date of judgment in year 2054, an annual amount of $13,518.84 to be paid up to the anniversary of the date of judgment in year 2058. Then, beginning on the anniversary of the date of judgment in year 2058, an annual amount of $14,432.88 to be paid up to the anniversary of the date of judgment in year 2059, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable ACA Maximum-out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,000.00 to be paid up to the anniversary of the date of judgment in year 2059, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2059, an annual amount of $166.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Medicare Supplemental Plan expenses, beginning on the anniversary of the date of judgment in year 2059, an annual amount of $2,255.88 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Dietician, Physical Therapy, and Occupational Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $125.00 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable YMCA expenses, beginning on the first anniversary of the date of judgment, an annual amount of $444.00 to be paid up to the anniversary of the date of judgment in year 2059, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Attendant Care and Nursing Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $40,150.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $64,240.00 to be paid up to the anniversary of the date of judgment in year 2034. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $80,300.00 to be paid up to the anniversary of the date of judgment in year 2044. Thereafter, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $89,396.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable OTC Medication, Case Management, Life Alert System and Installation, Underwear, Pull-up, Additional Incontinence Supply, CHUX, Glove, and Wipe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,963.98 to be paid up to the anniversary of the date of judgment in year 2020. Thereafter, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $3,713.98 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Low Air Mattress, Manual Wheelchair, Tri-Fold Ramp, Portable Ramp, Bedside Commode, Hand Held Shower, and Reclining Chair expenses, on the anniversary of the date of judgment in year 2021, a lump sum of $4,207.36. Then, on the anniversary of the date of judgment in year 2026, a lump sum of $6,729.34. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $4,207.36. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $6,729.34. Then, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $1,093.67 to be paid up to the anniversary of the date of judgment in year 2059. Thereafter, beginning on the anniversary of the date of judgment in year 2059, an annual amount of $1,068.67 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Manual Wheelchair Maintenance, Sliding Transfer Board, Urinal, Sling, Adaptive Clothing, Dragon Software, and Thera-band expenses, beginning on the first anniversary of the date of judgment, an annual amount of $269.00 to be paid to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Modified Vehicle expenses, on the anniversary of the date of judgment in year 2026, a lump sum of $46,750.00. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $46,750.00. Thereafter, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $4,675.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Kevin Mancilla Lopez, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Kevin Mancilla Lopez's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a

5

judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used

solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap, hep. B, IPV, MMR, hep. A, and HPV vaccines administered on January 7, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about October 26, 2012, in the United States Court of Federal Claims as petition No. 12-729V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap, hep. B, IPV, MMR, hep. A, and HPV vaccines caused petitioner's GBS, ADEM or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

*[signature]*

KEVIN MANCILLA LOPEZ

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

MARK L. KRUEGER, ESQ.
KRUEGER & HERNANDEZ, SC
2nd Street Professional Offices
123 Second Street
P.O. Box 41
Baraboo, WI 53913
Tel: (608) 356-3961

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]* Julia W. McInerny by Linda B. Renzi

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-3919

Dated: October 27, 2016