# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 12-729V
Filed: May 3, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * * *
KEVIN L. MANCILLA LOPEZ,            *       Not for Publication
                                    *
              Petitioner,           *
       v.                           *       Attorneys' Fees and Costs; Hourly Rate;
                                    *       Respondent Does Not Object
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark Krueger, Krueger & Hernandez, Baraboo, WI,* for petitioner.
*Julia McInerny, United States Department of Justice, Washington, DC,* for respondent.

### DECISION GRANTING ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

      On October 26, 2012, Kevin Mancilla Lopez ("Mr. Lopez" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner that he developed Guillain-Barre Syndrome ("GBS") and/or Acute Disseminated Encephalomyelitis ("ADEM") as a result of receiving tetanus-diphtheria-acellular pertussis ("TDaP"), hepatitis B, inactivated polio ("IPV"), measles-mumps-rubella ("MMR"), hepatitis A, and human papillomavirus ("HPV") vaccines on January 7, 2011. *See generally* Petition ("Pet."), ECF No. 1. The parties agreed to settle this case, and the undersigned issued a decision awarding compensation to petitioner on December 5, 2016. Decision, ECF No. 69. Petitioner now seeks an award of attorney's fees and costs in the amount of $68,906.31, pursuant to Section 15(e) of the Vaccine Act. Motion for

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Attorneys' Fees ("Motion for Fees"), ECF No. 73, at 5. After careful consideration, the undersigned has determined to **grant the request in full** for the reasons set forth below.

### I.     Applicable Law

The Vaccine Act permits the payment of reasonable fees and costs. § 15(e). The fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The decision in *McCulloch* provides the framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id.* For 4 to 7 year years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

### II.    Attorneys' Fees

Petitioner has requested $53,159.20 in attorneys' fees and $15,747.11 in costs, for a total of $68,906.31. Motion at 5. In accordance with General Order #9, petitioner has represented that he did not incur any out of pocket expenses. Respondent filed a response to petitioner's motion for fees on April 28, 2017. Respondent made no specific objection to petitioner's fee application, but merely stated that he was satisfied that the requirements for an award of fees and costs were met, and recommended that "the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3. Petitioner filed a reply on May 2, 2017. ECF No. 76.

Petitioner has requested the following hourly rates for Mr. Mark Krueger: $300 for work performed from 2011 to 2014; $350 for 2015; $363 for 2016; and $378 for 2017. Mr. Krueger has over 32 years of experience, and has been practicing in the Vaccine Program since 1996. Motion at 3. Petitioner has requested the following hourly rates for Mr. Krueger's paralegal, Renee Nehring: $125 for work performed from 2011 to 2013; $135 for 2014 to 2015; and $140 for 2016 and 2017. Mrs. Nehring has been a certified paralegal for over 21 years. Motion at 4. Petitioner has requested an hourly rate of $200 for Mr. Krueger's associate, Andrew Krueger, who has approximately 2 years of experience. Motion at 3-4. Special Master Gowen recently issued a decision granting petitioner's counsel fees and costs at the same hourly rates that petitioner has requested in the instant application. *See Herrera v. Sec'y of Health & Human*

*Servs.*, No. 15-651V, 2017 WL 1459002 (Fed. Cl. Spec. Mstr. Mar. 29, 2017). Based on the foregoing, I find the requested hourly rates to be reasonable.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Motion for Fees, ECF No. 73-1. I therefore see no reason to reduce attorneys' fees.

### III.     Costs

Petitioner has requested $15,747.11 in costs, including $9,772 associated with legal counsel from Armando Merida, an attorney in Guatemala. As petitioner explained in his motion for fees, he was hospitalized in Guatemala due to his alleged vaccine injury. Mr. Krueger required the assistance of a local attorney in Guatemala to obtain and translate petitioner's medical records. Motion at 4. The Vaccine Act provides that a special master may award compensation to petitioners for reimbursement of "reasonable attorneys' fees, and other costs, incurred in any proceeding on such petitioner…" 42 U.S.C. § 300aa-15(e)(1)(A)-(B) (emphasis added.) *See Gruber v. Sec'y of HHS*, 91 Fed. Cl. 773, 782 (2010). Similarly, special masters have found guardianship expenses to be compensable. *See Torres v. Sec'y of HHS*, No. 09-867V, 2013 WL 2256136 (Fed. Cl. Spec. Mstr. Apr. 30, 2013); *Fischer v. Sec'y of HHS*, No. 11-202V, 2015 WL 4498811, at *1 (Fed. Cl. Spec. Mstr. June 18, 2015). Because obtaining and filing petitioner's medical records are a key step in prosecuting a petition in the Vaccine Program, it was reasonably necessary for Mr. Krueger to obtain local counsel in Guatemala to procure and translate petitioner's medical records. Therefore, Mr. Krueger will be reimbursed for the cost of Mr. Merida's services.

Petitioner has also requested costs associated with Mr. Krueger's three trips to visit petitioner. Due to petitioner's injury, he is unable to effectively communicate via telephone; in person meetings were therefore necessary in order to discuss petitioner's healthcare needs and formulate a life care plan. Motion at 4-5.

For the first trip, Mr. Krueger stopped in San Diego on his way home from a vacation in Hawaii. Motion at 4. While the receipt submitted with the fee application shows that Mr. Krueger's plane ticket was $1,636.62, petitioner has only requested reimbursement in the amount of $500, the average cost of a plane ticket from Madison, WI, to San Diego. *Id*. Additionally, while Mr. Krueger spent three nights in San Diego, he has only requested reimbursement for one night at a hotel, as he only met with petitioner for one day. *Id*.

On Mr. Krueger's third trip to visit petitioner, his rental car was damaged by a third party while parked overnight. The third party left the scene and is unknown. The rental car company charged him $927.80 for the damages.[3] Mr. Krueger has requested reimbursement for these damages because if he had not "had to travel to meet with the client, he would not have incurred this expense." Motion at 5.

---

[3] Mr. Krueger advised that he did not take out an insurance policy on the rental vehicle, but instead relied upon his own insurance, which has a $1,000.00 deductible; thus, he had to pay the rental car damage out of pocket.

In light of the circumstances surrounding Mr. Krueger's travel costs, the costs requested seem reasonable, and therefore will be fully reimbursed.

### IV.     Total Award Summary

I find that petitioner's counsel's request is reasonable and he is entitled to the requested fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **a check in the amount of $68,906.31[4] made payable jointly to petitioner, Kevin Mancilla Lopez, and petitioner's counsel of record, Mark Krueger, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing or a joint filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).